UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET CALIFORNIA, INC., et al., <br><br> Defendants. | Case No. 15-cv-04301 NC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT WITH PREJUDICE** <br><br> Re: Dkt. No. 52 |

In this putative class action alleging fraud in the marketing of meat, defendant Whole Foods moves to dismiss Plaintiffs' complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). Because the third amended complaint fails to allege that Whole Foods made affirmative misrepresentations or actionable omissions, Whole Foods' motion is GRANTED.

## I.    FACTUAL HISTORY

People for the Ethical Treatment of Animals, Inc. (PETA), is an international animal protection organization. Dkt. No. 51 at 5. Lori Grass is a citizen of California who resides in Portola Valley. *Id*. at 6. Grass has purchased meat products from Whole Foods' stores in Mountain View and Redwood City, California, regularly over the last four years. *Id*. at 6. Together, they seek to represent a class of consumers who have purchased Whole Foods' meat products during a four-year period. They have named Whole Foods Market Services, Inc., Whole Foods Market California, Inc., and Mrs. Gooch's Natural Food

Case No. 15-cv-04301 NC

Markets, Inc., as defendants.  This order refers to the defendants collectively as Whole Foods.

Plaintiffs claim that Whole Foods fraudulently entices consumers into paying a substantial mark-up on its meat products by advertising its meat as a "more humanely treated, higher quality animal product."  Dkt. No. 51 at 3.  They claim that Whole Foods has violated California law, specifically the Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, the Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, and the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500.

According to the third amended complaint, the meat section of each Whole Foods retail store is awash with placards, large signs, and napkins advertising their meat products. The signs and napkins display information about a "Global Animal Partnership 5-Step® Rating System," along with promotional slogans and imagery.  *Id*. at 10.  Global Animal Partnership (GAP) is a non-profit that, while nominally a separate entity, received its initial funding and still receives a majority of its funding from Whole Foods.  *Id*. at 8. GAP's board also includes current and former executives of Whole Foods.  *Id*.  GAP rates animal welfare from one to five plus, and its numerical ratings are approved by the federal Food and Safety Inspection Service (FSIS).

Photographs of the in-store signs, placards, and napkins are attached to the third amended complaint.  Plaintiffs assert that Whole Foods' marketing campaign of signs and placards "inundates consumers . . . [such that] class members are saturated over a period of years with the cumulative message of ensuring improved animal treatment intended by Whole Foods."  *Id*. at 15.

Grass "does not recall the specifics of the many advertisements she saw before she purchased the Meat Products, [but] she does recall that superior animal welfare was a consistent theme across the advertisements she saw."  *Id*. at 7.

According to Plaintiffs, these advertisements are false because the GAP rating is a "sham" that is not actually enforced and the advertisements do not adequately disclose that "key animal treatment standards" under the GAP rating "are no better or marginally better

United States District Court
Northern District of California

1  than is the common industry practice." *Id*. at 4, 5.

## II.   PROCEDURAL HISTORY

The Court previously dismissed with leave to amend Plaintiffs' second amended complaint because it did not contain enough information to allege fraud with the specificity required by Rule 9(b) or the line of cases following *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009).  Dkt. No. 42.  Most importantly, the second amended complaint did not distinguish between in-store advertisements subject to California consumer protection law and federally approved labels that can only be challenged under federal law.  *Id*.  Plaintiffs filed the third amended complaint and Whole Foods now moves to dismiss the complaint in its entirety.  Dkt. No. 52.[1]

## III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

---

[1] All parties have consented to the jurisdiction of a magistrate judge in accordance with 18 U.S.C. § 636(c).  Dkt. Nos. 7, 18.

## IV.  DISCUSSION

Whole Foods moves to dismiss the third amended complaint in its entirety with prejudice because it claims that Plaintiffs have failed to (1) allege fraud with the requisite level of specificity under Federal Rule of Civil Procedure 9(b) or establish an extensive and long-term advertising campaign as described in *In re Tobacco II Cases*, 46 Cal. 4th at 328, (2) plead sufficient facts to establish an affirmative misrepresentation or actionable omission under the UCL, CLRA, and FAL, and (3) show that their claims are not preempted by federal law.  Dkt. No. 52 at 9.

Although the third amended complaint specifically identifies the contested advertisements, Whole Foods is correct that the complaint fails to allege affirmative misrepresentations or an actionable omission under the UCL, CLRA, and FAL.  Therefore, the motion to dismiss is granted.

### A.    Alleged Fraud Under Rule 9(b)

To state a claim for false or misleading advertising under the UCL or FAL, Plaintiffs must allege facts showing that Whole Foods' advertising is "likely to deceive a reasonable customer."  *Williams v. Gerber Products, Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Plaintiffs' claim under the CLRA must allege facts showing that Whole Foods advertised its meat products as having characteristics, benefits, uses, qualities, sponsorships, approvals or certifications that they do not have.  Cal. Civ. Code § 1770(a)(2),(5),(7).  Because Plaintiffs' UCL, FAL, and CLRA claims contain an element of fraud, the third amended complaint must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003).

According to Rule 9(b), "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b)'s standards, Plaintiffs must allege circumstances "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

(internal quotations omitted).  "Plaintiffs' complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotations omitted).

Whole Foods argues that it "remains an open question" which of the signs and statements Grass relied upon when purchasing meat products, because Grass admits that she does not recall the specifics of the advertisements that she saw before purchasing the meat products.  Dkt. No. 52 at 14.

The Court dismissed Plaintiffs' second amended complaint because it failed to identify with the requisite specificity which statements and signs it objected to.  Dkt. No. 42 at 8.  The third amended complaint has arrows identifying the signs and advertisements it contests, and describes the in-store signs and placards and how they are different from federally approved labels.  Dkt. No. 51 at 12.  Furthermore, Plaintiffs allege "that the large signs, colorful placards, and napkins were present in each Whole Foods retail store in California throughout the four year period."  Dkt. No. 54 at 13.  Because it has distinguished the subject of the complaint—Whole Foods' in-store signs, placards, and napkins—from federally approved labels on the meat packages, the third amended complaint is sufficiently specific under Rule 9(b).

## B.    Alleged Misrepresentations

On the merits, the first question presented is whether Plaintiffs have successfully alleged actionable affirmative misrepresentations by Whole Foods on the signage and napkins.  The Ninth Circuit in *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997), stated that a "specific and measurable advertisement claim of product superiority based on product testing" is an actionable affirmative misrepresentation.  *See also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (actionable statement of fact is a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact").

Whole Foods claims that the third amended complaint does not allege affirmative

United States District Court
Northern District of California

misrepresentations by Whole Foods.  Dkt. No. 52 at 21.  Whole Foods argues, and Plaintiffs concede, that many of the statements such as "No Cages," or "Healthy Animals," are not factually untrue.  Instead, Plaintiffs argue that Whole Foods uses the signs and napkins "describing its '5 step animal welfare rating' program emphasizing 'the well-being of animals' and using a variety of promotional slogans to create the impression that Whole Foods's standards ensure their superior treatment (and therefore also superior meat quality)."  Dkt. No. 54 at 21.

Whole Foods correctly points out that statements such as "Great-Tasting Meat From Healthy Animals," and "Raised Right Tastes Right," are "not actionable statements of fact, because they are not quantifiable, objective statements."  Dkt. No. 52 at 22.  Applying *Southland*, a district court in this district "detect[ed] nothing 'specific or measurable' about the phrases 'Most Advanced Notebook Ever' or 'State–of–the–Art.'"  *Marcus v. Apple Inc.*, No. 14-cv-03824 WHA, 2015 WL 151489, at *5 (N.D. Cal. Jan. 8, 2015).  Those statements were instead found to be "non-actionable puffery."  *Id.*  Likewise, a court in the Southern District of California found that "highest quality," "balanced diet plan," and "part of a sensible diet" were nonactionable puffery.  *Fraker v. KFC Corp.*, 2007 WL 1296571, at *3 (S.D. Cal. Apr. 30, 2007).

Here, Whole Foods' statements on the signage and napkins are unspecific and unmeasurable, and therefore constitute puffery.  For example, Plaintiffs attach a photograph showing a napkin containing: (1) the GAP insignia and the GAP rating system; (2) the statement "Our hamburger meat is ground fresh in-store daily" and (3) the statement "Our standards are . . . NO added hormones & NO antibiotics, ever.  We believe in great tasting meat from healthy animals."  Dkt. No. 51, at 13.  There is also a photograph of a sign stating, "Great-Tasting Meat from Healthy Animals.  That Means No Added Hormones No Antibiotics Ever."  *Id.*  Plaintiffs do not contend that the meat products bought by Grass contained hormones or antibiotics.  They also do not allege that the animals raised for the meat products are unhealthy.  Therefore, the statements such as "great tasting meat from healthy animals" are taste representations that are not

1  quantifiable.

2      Plaintiffs argue that statements such as "No Cages" are affirmative

3  misrepresentations because they "merely mimic normal industry practices, which is

4  deceptive given that Whole Foods's advertisements create the impression of ensuring

5  superior animal treatment." Dkt. No. 54 at 21. Plaintiffs do not allege that Whole Foods'

6  chickens are kept in cages. They allege that because the standard practice in the industry is

7  not to raise broiler chickens in cages, the statement creates an "illusion of improvement to

8  animal welfare" that is false because it merely mimics industry standards. *Id*. at 22.

9  However, Plaintiffs are describing an omission: Whole Foods' failure to inform consumers

10 that raising chickens for meat outside of cages is the industry standard. The statement "No

11 Cages," is not untruthful. As such, it does not constitute an affirmative misrepresentation.

12 Plaintiffs' third amended complaint therefore fails to make out a claim upon which relief

13 can be granted.

14     **C.    Actionable Omissions**

15     The second question presented is whether Plaintiffs have alleged actionable

16 omissions by Whole Foods. Plaintiffs claim that "Whole Foods has a duty to disclose that

17 the audit process is a sham and that key standards merely mimic industry practices." Dkt.

18 No. 54 at 22. However, retailers do not have a duty to disclose product information unless

19 it relates to a consumer safety issue. *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1141

20 (9th Cir. 2012).

21     Plaintiffs cite to *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal.

22 2007) for the proposition that plaintiffs in fraud cases need not specify time, place, and

23 specific content of an omission as precisely as that "required by a normal fraud claim."

24 Dkt. No. 54 at 17. However, *Falk* was about faulty speedometers in cars and the

25 "plaintiffs successfully allege[d] that the potential for failed speedometers constitutes a

26 safety hazard." *Id*. at 1096 n.1. Therefore, *Falk* illustrates the kind of consumer safety

27 issue that a retailer has a duty to disclose.

28     Because Plaintiffs do not allege a consumer safety issue, their omission claim

United States District Court
Northern District of California

1   cannot survive 12(b)(6) scrutiny.  *Hodsdon v. Mars, Inc.*, No. 15-cv-04450 RS, 2016 WL

2   627383, at *4 (N.D. Cal. Feb. 17, 2016); *McCoy v. Nestle USA, Inc.*, No. 15-cv-04451

3   JCS, 2016 WL 1213904, at *13 (N.D. Cal. Mar. 29, 2016).

4       **D.    Federal Preemption**

5       The third amended complaint focuses on advertising separate from the GAP 5 Step

6   labels that have been approved by FSIS.  As a result, the Court need not reach the question

7   of preemption.

8   **V.   CONCLUSION**

9       Because Plaintiffs have not alleged affirmative misrepresentations or an actionable

10  omission related to consumer safety in Whole Foods' advertisements, the third amended

11  complaint is dismissed with prejudice.  The clerk is ordered to close the case.

12

13       **IT IS SO ORDERED.**

14

15  Dated:  April 26, 2016                    _____

16                                            NATHANAEL M. COUSINS
                                              United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28